## HOLMESBURG GRANITE COMPANY v. GEORGE W. WEST.

Argued February 27 and 28, 1900—Decided June 11, 1900.

Defendant was a contractor for the erection of a church; the construction of the stone work was under the charge of a sub-contractor. Before any of the stone was delivered, defendant wrote to the plaintiff agreeing to make payments for the stone delivered to the sub-contractor, the payments to be made on an order to be given the plaintiff by the sub-contractor on the defendant. The sub-contractor ordered in writing from the plaintiff a quantity of stone, advising them that he had made arrangements with defendant for the payment of the same. Subsequently, the agents of the plaintiff advised defendant that his proposition of payment was accepted, and that they held an order from the sub-contractor on him for all stone shipped. *Held*, that this correspondence amounted to an agreement on the part of the defendant to pay for the stone, and that he was liable for the stone delivered on the order of the sub-contractor.

The plaintiff had a verdict and the defendant obtained a rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the rule, *Joseph J. Summerill.*

*Contra, James M. E. Hildreth.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. This suit was brought by the Holmesburg Granite Company to recover a bill for cut stone furnished for the erection of a church at Cape May. The defendant was a contractor for the erection of the church. The construction of the stone work was under the charge of Edward Holloway as sub-contractor. It was admitted that the stone sued for went into the church. There is no controversy with respect to the amount of stone or the prices charged. The bill amounted to $1,925.75. The sole question at the trial seems to have been as to who purchased the stone and to whom

the credit was given.   Before any of the stone was delivered a contract was concluded by correspondence, as follows:

"PHILADELPHIA, PA., April 6, 1898.
*"Holmesburg Granite Company, Philadelphia, Pa.:*

"GENTLEMEN—I agree to make payments for your stone delivered to Mr. E. Holloway for the Cape May Presbyterian Church as follows: 50 per cent. when stone work is complete; 25 per cent. when building is complete; 25 per cent. within 30 days after building is turned over to the church committee.
"Very truly yours,

"GEO. W. WEST.

"P. S.—Said Holloway must give you an order on me for same."

This letter was preceded by a letter from Mr. Holloway, dated April 5th, 1898:

*"Holmesburg Granite Co., Phila., Pa.:*

"GENTLEMEN—Your proposition of March 8th for the cut and face stone and backing for the Cape May Pres. Church is accepted.   I have made arrangements with Mr. Geo. W. West, the general contractor, to pay all bills and receive shipments of stone direct.   Please enter my order for 100 tons of backing and 100 tons of facing for shipping at once.   Cut stone details will be sent you later with instructions for shipping.
"Yours very truly,

"ED. HOLLOWAY."

Of the same date as that of the agreement, April 6th, 1898, the defendant wrote to the plaintiff as follows:

"Enclosed find two copies of my agreement with you. Please accept and be kind enough to return one to me.
"Very truly yours,

"GEO. W. WEST."

Under date of April 9th, 1898, Vollmer & Register, who were the agents of the granite company, wrote:

*"Mr. Geo. W. West:*

"DEAR SIR—Enclosed please find duplicate copy of your agreement. We return same as per your request. We beg to advise you that your proposition of payment is accepted, and that we now hold a general order from Mr. Holloway on you for all stone shipped to the Cape May Presbyterian Church. We have arranged to send you bills and shipping notices, and to send duplicates to Mr. Holloway."

This correspondence clearly amounted to an agreement on the part of the defendant to pay for the stone. The contract was completed on the part of the plaintiff, the last shipment of goods being on August 12th, 1898. On the 1st of September, 1898, Holloway signed this certificate:

*"Mr. Geo. W. West:*

"DEAR SIR—As per agreement of April 6th, my work now being completed on the Cape May Presbyterian Church Building, please pay to the Holmesburg Granite Co., on my account for stone furnished, the sum of $1,925.75.

"ED. HOLLOWAY."

That order was sent to the defendant, with the following:

*"Geo. W. West:*

"DEAR SIR—We enclose herewith an order, signed by Mr. Holloway, for the sum of $1,925.75, as per our agreement, in settlement for the stone furnished your Cape May Presbyterian Church Building. We attach herewith monthly bills and statements, as per your request. We should like to hear from you as soon as possible in reference to when we shall receive payments. 75 per cent. is now due by contract, and in fact the account has run considerably beyond the time stated when we made agreement.

"Yours very truly,

"VOLLMER & REGISTER."

The erection of the church was completed and the building turned over and accepted by the church committee about the 1st of October, before this suit was brought.

To the last communication the defendant wrote, under the date of May 21st, 1898:

*"Messrs. Vollmer & Register:*

"GENTLEMEN—On my arrival from Cape May I found bills from you charged to me. I herewith enclose same. As I have no account with you I fail to see why you should charge me with anything of the kind. I did not order anything in the way of material from you, and your bills should be made out to the man you are dealing with, Mr. Holloway, and as I said, let him give you an order on me. I asked you only for a statement of the amount of stone you sent from time to time.

"Very truly yours,

"GEO. W. WEST."

In a subsequent letter, June 2d, 1898, the defendant writes:

"Herewith find enclosed bills charged to Geo. W. West. I decline to accept them as I have no account with you whatever, and as previously stated in my letter, have never ordered anything from you. I stand responsible simply for my agreement with you. I would like, however, for a statement from you of Mr. Holloway's indebtedness to you on the Cape May Church up to June 1st.

"Very truly yours,

"GEO. W. WEST."

The latter correspondence of Mr. West indicates a misapprehension on his part as to his position with respect to the stone furnished by the plaintiff. The letter of April 6th, 1898, contains an express agreement on the defendant's part "to make payments for your stone delivered to Mr. E. Holloway for the Cape May Presbyterian Church," &c., specifying how they were to be made. The postscript will bear only one construction: that an order was required from Holloway with respect to the amount of the bill. The certificate of Holloway, under date of September 1st, 1898, is in compliance with the requirement in the postscript of the defendant's letter of April 6th.

It appeared in evidence that down to and including the delivery during the month of April the stone was charged in

the plaintiff's books to the defendant; after May, 1898, it was charged to Holloway. All the shipping certificates from time to time were in the name of Holloway. The judge left the question to the jury as to who purchased the stone and to whom the credit was given. The testimony fully justified the finding of the jury that the contract was made with West on his personal responsibility, and that the credit was given to him.

There is an item of freights, under date of April 15th, amounting to $156.76, that was made the subject of discussion at the trial. They were freights on shipments between April 11th and April 15th, inclusive. Freights were not to be paid by the plaintiff. The prices charged were the prices for delivery at Philadelphia. The freight bills, which amounted to $156.76, were paid by the plaintiff. The agreement on the part of West was simply for the payment of stone delivered to E. Holloway. A question might arise whether the payment of freights was within the terms of that contract, but an examination of the evidence shows that those bills were settled between these parties by the defendant allowing the amount of the freight bills. The evidence shows that on the 27th of September, 1898, the defendant gave a check on the Farmers' and Mechanics' National Bank of Woodbury, to the order of the plaintiff, for $1,013.62. The check referred to for that sum included the price of the stone delivered before that day and also the freight charges already referred to. A statement of these charges was presented at that time. The freight was included in the bill, and the defendant admits that the freight bills were included in the check. After that time the defendant himself paid the freight on the goods, and they are not charged to him by the plaintiff. The check was withheld from the bank at the request of the defendant. The trial court instructed the jury very properly that the plaintiff was entitled to a verdict for the amount of that check, as, to that extent, an account stated between the parties. The question whether the plaintiff was entitled to the residue of the account the court submitted to the jury, to be determined on their finding of the question whether, under the evidence, the stone was sold to West himself as principal, or whether it was

sold to Holloway on his own credit.  The jury found a verdict for the full amount due, $1,925.75, which included the check.

The case was fairly tried, and the finding of the jury was justified by the evidence.  The rule to show cause should be discharged.